UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE DUDLEY** | ) | |
| | ) | **Case Number** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Stephanie Dudley, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Stephanie Dudley, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices as well as violations of the Telephone Consumer Protection Act of 1991 ("TCPA") which prohibits

telemarketing calls, unsolicited faxes, prerecorded calls, or autodialed calls to cell phones, and relief against Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Stephanie Dudley, (Plaintiff), is an adult natural person residing at 5627 Miriam Road, Philadelphia, PA 19124.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midland Credit Management, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its address at 1 International Plaza, 5th Floor, Philadelphia, PA  19113.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. For nearly six (6) months Plaintiff has been receiving calls to her personal cell phone from the Defendant attempting to reach a "James Gill".

8. Since the initial call, the Plaintiff has informed the Defendant that they are calling the wrong number and that she would like the calls to stop.

9. Plaintiff has no connection personal or otherwise to a "James Gill".

10. Since the onset of calls, Plaintiff states that the Defendant on occasion has called her four (4) to five (5) times a day on her personal cell phone.

11. On or about November 17, 2013, Plaintiff received another call from Defendant looking for "James Gill".

12. Plaintiff again informed Defendant's male agent that he was calling the wrong number and that she did not know "James Gill".

13. Defendant's male agent immediately hung-up on the Plaintiff.

14. Approximately one (1) hour later, Plaintiff states that the same agent called her number back again looking for "Mr. Gill".

15. Defendant has had ample time to update their records and remove Plaintiff's number from their call list having been made fully aware that they are not contacting the correct person.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

20.     The above paragraphs are hereby incorporated herein by reference.

21.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was allegedly incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversation repeatedly |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

23. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

24. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

25. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

26. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

27. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

28. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

29. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

30. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

31. The foregoing paragraphs are incorporated herein by reference.

32. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

33. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

34. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   b. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

35. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

36. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendants violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

   e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## **COUNT IV –TCPA**

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

39. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

   a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

   b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

   c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages up to $1,500 per telephone call;

c. Reasonable attorney's fees and costs of suit pursuant to 47 U.S.C. §227; and

d. Treble damages.

## COUNT V

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40. The above paragraphs are hereby incorporated herein by reference.

41. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Pennsylvania recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Pennsylvania law.

43. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiff.

44. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

45. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

47. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit;

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 25, 2013**

**BY:** */s/  Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff